# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIOUS FERGUSON, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:21-0738 |
| v. | : | (JUDGE MANNION) |
| WARDEN HAIDLE, | : | |
| Respondent | : | |

## MEMORANDUM

### I. BACKGROUND

Petitioner, Darious Ferguson, an inmate confined in the Monroe County Correctional Facility, Stroudsburg, Pennsylvania, filed the above caption civil rights action pursuant to 42 U.S.C. §1983.[1] (Doc. 1). The filing fee has been paid. (Doc. 4). The sole named Defendant is Warden Haidle, Warden of the Monroe County Correctional Facility. Id. Petitioner challenges the amount of disciplinary time he received as a result of a prison misconduct. Id. Specifically, he states that "the Warden did not approve [him] to get more than 30 days of RHU time" and that the "150 days given (without

---

[1] Plaintiff is currently housed at the Phoenix State Correctional Institution, Collegeville, Pennsylvania.

review) was unconstitutional and created a liberty interest." Id. For relief, Petitioner seeks "to be immediately discharged from RHU" and declare his "misconduct proceeding as unconstitutional." Id.

Preliminary review of the petition has been given and it is concluded that it is appropriate to dismiss the petition at this stage of the proceedings. See Rules Governing §2254 Cases Rule 4 (stating "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner"). Thus, for the reasons that follow, the petition for writ of habeas corpus will be dismissed for lack of jurisdiction.

## II. DISCUSSION

The United States Supreme Court has described two broad categories of prisoner petitions: (1) §2254 applications that challenge the fact or duration of the prisoner's confinement; and (2) §1983 actions that challenge the conditions of confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973). As explained by the Court of Appeals for the Third Circuit,

> whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter

> his sentence or undo his conviction, an action under §1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). A challenge to a disciplinary hearing that resulted in the loss of good-time credit is properly asserted as a claim for habeas corpus relief because the claim impacts the length of a prisoner's sentence. See Torres v. Fauver, 292 F.3d 141, 150–51 (3d Cir. 2002)(citing Sandin v. Conner, 515 U.S. 472, 486 (1995)); Leamer, 288 F.3d at 540–42. However, a challenge to a disciplinary hearing that resulted in the imposition of discipline other than the loss of good-time credit does not allege a proper ground for habeas relief. See Torres, 292 F.3d at 150–51.

In his application, petitioner contends that he was denied an impartial disciplinary hearing as guaranteed by the Due Process Clause because the hearing officer sanctioned him to more than thirty (30) days disciplinary segregation, which he claims is unconstitutional. However, the sanctions against petitioner did not involve any loss of earned good time credit; he was only confined to disciplinary segregation. Thus, the court will dismiss Petitioner's §2254 application because his sole claim fails to assert an issue cognizable on federal habeas review.

## III. CERTIFICATE OF APPEALABILITY

The Court must decide whether to issue a certificate of appealability. See Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

For the reasons stated above, the Court concludes that Petitioner is not entitled to federal habeas relief. Reasonable jurists would not find this conclusion debatable. Consequently, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

**IV. CONCLUSION**

For the foregoing reasons, the petitioner for writ of habeas corpus, filed pursuant to 28 U.S.C. §2254 will be dismissed without prejudice.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: April 28, 2021**
21-0738-01