# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DARIOUS FERGUSON, | : | |
| Petitioner | : | CIVIL ACTION NO. 3:21-0738 |
| v. | : | (JUDGE MANNION) |
| WARDEN HAIDLE, | : | |
| Respondent | : | |

## MEMORANDUM

**I.  Background**

Petitioner, Darious Ferguson, an inmate confined in the Monroe County Correctional Facility, Stroudsburg, Pennsylvania, filed the above caption petitioner for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). The filing fee has been paid. (Doc. 4). The sole named Defendant is Warden Haidle, Warden of the Monroe County Correctional Facility. Id. Petitioner challenges the amount of disciplinary time he received as a result of a prison misconduct. Id. Specifically, he states that "the Warden did not approve [him] to get more than 30 days of RHU time" and that the "150 days given (without review) was unconstitutional and created a liberty interest." Id. For relief, Petitioner seeks "to be immediately discharged from RHU" and declare his "misconduct proceeding as unconstitutional." Id.

By Memorandum and Order dated April 28, 2021, this Court denied

Ferguson's petition for writ of habeas corpus. (Docs. 5, 6). Presently before the Court is Ferguson's motion for reconsideration of this Court's April 28, 2021 Memorandum and Order, closing the above captioned action. (Doc. 8). For the reasons that follow, the Court will deny the Petitioner's motion.

II. **Discussion**

A motion for reconsideration is a device of limited utility, which may "not be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (citations omitted); see also Baker v. Astrue, Civ. No. 07-4560, 2008 WL 4922015, at *1 (E.D. Pa. Nov. 17, 2008). Rather, a court may alter or amend its judgment only upon a showing from the movant of one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence ... or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." Max's Seafood Cafe v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing North River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is appropriate when a court has "patently misunderstood a party or has made a decision outside the adversarial issues presented to the [c]ourt by the parties or has

made an error not of reasoning but of apprehension." Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995) (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), *vacated in part on other grounds on reconsideration*, 915 F. Supp. 712 (M.D. Pa. 1996). "It may not be used as a means to reargue unsuccessful theories or argue new facts or issues that were not presented to the court in the context of the matter previously decided." Gray v. Wakefield, No. 3:09-cv-979, 2014 WL 2526619, at *2 (M.D. Pa. June 4, 2014); see also Database Am., Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden'."). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

A review of this Court's Memorandum and Order reveal that Ferguson's petition was denied as follows:

> The United States Supreme Court has described two broad categories of prisoner petitions: (1) §2254 applications that challenge the fact or duration of the prisoner's confinement; and (2) §1983 actions that challenge the conditions of confinement.

- 3 -

Preiser v. Rodriguez, 411 U.S. 475 (1973). As explained by the Court of Appeals for the Third Circuit,

> whenever the challenge ultimately attacks the 'core of habeas'—the validity of the continued conviction or the fact or length of the sentence—a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under §1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). A challenge to a disciplinary hearing that resulted in the loss of good-time credit is properly asserted as a claim for habeas corpus relief because the claim impacts the length of a prisoner's sentence. See Torres v. Fauver, 292 F.3d 141, 150–51 (3d Cir. 2002)(citing Sandin v. Conner, 515 U.S. 472, 486 (1995)); Leamer, 288 F.3d at 540–42. However, a challenge to a disciplinary hearing that resulted in the imposition of discipline other than the loss of good-time credit does not allege a proper ground for habeas relief. See Torres, 292 F.3d at 150–51.

In his application, petitioner contends that he was denied an impartial disciplinary hearing as guaranteed by the Due Process Clause because the hearing officer sanctioned him to more than thirty (30) days disciplinary segregation, which he claims is unconstitutional. However, the sanctions against petitioner did not involve any loss of earned good time credit; he was only confined to disciplinary segregation. Thus, the court will dismiss Petitioner's §2254 application because his sole claim fails to assert an issue cognizable on federal habeas review.

(Doc. 5 at 2, 3).

Petitioner's motion fails to meet the narrowly-defined factors governing motions for reconsideration, as it does not identify an intervening change in

controlling law, provide any evidence that was not previously available to this Court, or show the need to correct a clear error of law or fact or prevent manifest injustice. Petitioner's motion for reconsideration of this Court's April 28, 2021 Memorandum and Order, seeks to reassert the same arguments set forth in Ferguson's petition for writ of habeas corpus, specifically that Petitioner believes that §2254 is the appropriate vehicle to challenge his disciplinary segregation as a result of a prison misconduct. (Doc. 8). As this Court has already demonstrated, a challenge to a disciplinary hearing that resulted in the imposition of discipline other than the loss of good-time credit does not allege a proper ground for habeas relief, see Torres, 292 F.3d at 150–51, the Court finds Petitioner's motion meritless.

Accordingly, this Court finds that its Memorandum and Order of April 28, 2021, is not troubled by manifest errors of law or fact and Petitioner has not presented anything new, which if previously presented, might have affected our decision. Consequently, the motion for reconsideration will be denied.

A separate Order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: June 30, 2021**
21-0738-02